## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     *Plaintiff,*

     v.                                     Civ. No. 16-1304 LF/KBM11/

99,337 PIECES OF COUNTERFEIT

NATIVE AMERICAN JEWELRY,

72,620 PIECES OF COUNTERFEIT

NATIVE AMERICAN JEWELRY

21,249 PIECES OF COUNTERFEIT

NATIVE AMERICAN JEWELRY,

$288,738.94 IN FUNDS FROM BANK OF AMERICA

ACCOUNT NO. -3826,

     *Defendants-in-rem.*

### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**COMES NOW**, Romie Salem ("Claimant") as owner and operator of Turquoise Network, by and through counsel Raymond G. Sanchez and Armand D. Huertaz of Sanchez, Mowrer & Desiderio, P.C., and moves this Court, pursuant to Rule 12(b)(6) and Rule G(8)(b)(i), for an order dismissing the matter with prejudice, and hereby states as follows:

### INTRODUCTION

An innocent bystander's property has been caught up in an unrelated criminal investigation. Consequently, the United States has wrongfully seized the Claimant's valuable property, and held it for over a year, simply because that property was stored in the same location as that of others actually implicated in the criminal investigation. Neither Claimant nor

his company, Turquoise Network, is implicated in any wrongdoing by the Complaint. In fact, neither Claimant's name, nor the name of his company, appear even once in the Complaint. The Complaint therefore utterly fails to state a claim against Claimant's portion of the seized property, and should be dismissed against such and Claimant's property returned to him.

## STANDARD OF REVIEW

Civil forfeiture is governed primarily by FRCP Supplemental Rule G. If Rule G "does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply." G(1).

Rule G(8)(b)(i) provides that "[a] claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)." Claimant has properly established standing to contest this forfeiture by filing his Claim for Seized Property on February 13, 2017. Therefore, this Motion can be considered a traditional 12(b)(6) motion to dismiss for failure of the complaint to state a claim upon which relief can be granted. However, the government's Complaint must be held to the requirements for civil forfeiture complaints found in Rule G(2), which differ from the general pleading requirements of Rule 8.

Rule G(2) provides that a civil forfeiture complaint must, among other things, "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." G(2)(f). "Few courts have interpreted Supplemental Rule G(2)(f), but the advisory committee's note indicates that the language is designed to codify the 'standard' that 'has evolved' from case law interpreting its predecessor—Supplemental Rule E(2)(a)—and 'carr[y] this forfeiture case law forward without change.'" *United States v. Aguilar*, 782 F.3d 1101, 1108–09 (9th Cir. 2015). Supplemental Rule E(2)(a) requires that a complaint in an admiralty action "state the circumstances from which the claim arises with such particularity that

the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." *Id.*

When compared with Rule 8, which requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief," it is clear that civil forfeiture complaints are held to a higher standard than general civil pleadings. "The pleading requirements provided by the Supplemental Rules have traditionally been considered more stringent than the general pleading requirements … an implicit accommodation to the drastic nature of the civil forfeiture remedy." *United States v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 249 (S.D.N.Y. 2010). "Rule E(2)(a) requires a more particularized complaint than is necessary in civil actions generally or in those admiralty proceedings where drastic remedies, such as *in rem* forfeitures, are not sought"; specifically, "Rule E(2)(a) requires on its face that the complaint be specific enough to enable a claimant to respond with some degree of particularity and to commence an investigation of the facts initially alleged." *United States v. $39,000 In Canadian Currency*, 801 F.2d 1210, 1216 (10th Cir. 1986).

Although the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), arguably heightened the Rule 8 pleading requirements, they had no explicit effect on the already-elevated requirements of Rule G(2). "Because those cases were based on an interpretation of Federal Rule of Civil Procedure 8(a), and the Supplemental Rules expressly state that Supplemental Rule G(2) governs the sufficiency of civil forfeiture complaints, these decisions do not require any alteration to the pleading standards applied to civil forfeiture actions." *United States v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 249. However, "to the extent these decisions and their progeny

do not conflict with the Supplemental Rules, they may help to clarify when a civil forfeiture complaint survives the motion to dismiss phase." *Id.*

Under *Twombly* and *Iqbal*, a complaint only survives if it has "facial plausibility" – in other words, if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. 662, 678. "For us to draw such an inference, [the] complaint must allege facts linking each defendant to the grounds on which that particular defendant is potentially liable. If the complaint fails to do so, then we must affirm the dismissal order." *Redondo Waste Sys., Inc. v. Lopez-Freytes*, 659 F.3d 136, 139-140 (1st Cir. 2011) (internal citations omitted) (emphasis added).

## ARGUMENT

*Case law makes it abundantly clear that a complaint fails to state a claim when, as here, the alleged wrongdoer is never once mentioned and no allegations of wrongdoing whatsoever are made against him or her.*

All four claims for relief in the Forfeiture Complaint based upon 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 542, 18 U.S.C § 545, 19 U.S.C. § 1304, 19 U.S.C. § 1595a(c)(2)(E), 18 U.S.C. 981(a)(1)(A), 18 U.S.C. § 1956 and § 1957 should be dismissed as it pertains to Claimant. A cursory review of the government's Complaint makes it clear that it fails to even satisfy the basic requirements of notice pleading in relation to Claimant. Claimant's name is not found even once anywhere in the Complaint, nor is the name of Claimant's company. No allegations of wrongdoing are made against Claimant, nor any justifications for seizure of Claimant's property. Indeed, if not for Claimant already having been aware that his property had been seized, and subsequently receiving notice of the filing of the forfeiture complaint, there would be absolutely no way for Claimant to know or reasonably expect that he or his property were involved at all. *See Mason v. Cty. of Delaware Sheriff's Dep't*, 150 F.R.D. 27 (N.D.N.Y. 1993) ("Because plaintiffs do not name the DEP in the caption or body of the complaint, and the

complaint is entirely devoid of factual allegations against either the DEP or the 'Village of Walton Board of Water Supply Police Department,' the complaint fails to meet even the minimal notice pleading requirements of Fed.R.Civ.P. 8(a). Accordingly, dismissal of the complaint is appropriate as to these defendants.")

Even under the more relaxed requirements of Rule 8 (both pre- and post- *Twombly* and *Iqbal*), cases throughout the country have quickly disposed of matters where the plaintiff fails to even name a defendant in the body of a complaint. In *Clark v. Taylor*, the D.C. Circuit noted that at the district court level, the United States Attorney General was dismissed from the case because "the Attorney General, although named as a defendant, was not again mentioned in the complaint and plaintiff had therefore failed to state a claim for relief as required by Fed.R.Civ.P. 12(b)(6)." 627 F.2d 284, 286 n.5 (D.C. Cir. 1980). Similarly, in *Tuley v. Heyd*, the Fifth Circuit wrote: "The inadequacy of the complaint to state a claim under Section 1983 against Heyd or Falkenstein is patent. These two defendants are not named or otherwise identified in the body of the complaint." 482 F.2d 590, 594 (5th Cir. 1973). More recently, the First Circuit in *Redondo Waste Systems* found that the complaint in that case "fail[ed] the plausibility test spectacularly" because "[n]ot only is no defendant specifically linked to any actionable conduct, but one of the captioned defendants is not even mentioned in the body of the complaint." 659 F.3d 136, 140 (1st Cir. 2011).

It is not a relevant distinction that the Complaint in this case is *in rem* against the property and Claimant is thus not a defendant (but a claimant). The Supplemental Rules require even more, not less, particularity in civil forfeiture pleadings. More specifically, Rule G(2) requires a civil forfeiture complaint to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" and incorporates Rule

E(2)(a)'s requirement to "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." The Complaint in this case not only fails to state sufficient facts, but actually states no facts at all, as to the basis on which Claimant's property has been seized and how the government expects to justify that seizure through the judicial process. Claimant is hard-pressed to investigate facts that are wholly absent and to formulate answers to allegations that never once implicate him, his company, or his property in the alleged wrongdoing. The only link between Claimant's property and the Complaint is that the property was being stored in the same building as that of others actually implicated.

The government's Complaint was filed over a year after the property was initially seized. The United States had that entire period of time to develop a factual basis to justify seizing Claimant's property and subsequently refusing to release it to him. Instead, what has resulted after all this time, during which Claimant has been denied access to and enjoyment of his valuable property, is a Complaint that fails to even mention Claimant's name. Claimant's property has been stolen and simple justice demands that Claimant's property be returned to him immediately.

## CONCLUSION

For the aforementioned reasons, this matter against Claimant should be dismissed with prejudice.

**WHEREFORE**, the Claimant respectfully asks this Court to dismiss this action insofar as it pertains to him with prejudice, to order immediate return of his jewelry and any other seized

property to him, for costs and attorney's fees for having to respond to these causes of action, and

for any other relief this Court deems fit and proper.

SANCHEZ, MOWRER & DESIDERIO, P.C.

*/s/ Raymond G. Sanchez*
RAYMOND G. SANCHEZ
ARMAND D. HUERTAZ
*Attorneys for Claimant*
PO Box 1966
Albuquerque, NM 87103
Telephone: (505) 247-4321
rsanchez@smdlegal.com
armand@smdlegal.com

**Certificate of Service**

I HEREBY CERTIFY that on the 6th day of March, 2017, I filed the *Motion to Dismiss for Failure to State a Claim* electronically through the CM/ECF system, which caused the parties and counsel of record on the service list to be served by electronic means.

*/s/ Raymond G. Sanchez*
RAYMOND G. SANCHEZ
