## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     *Plaintiff*,

     v.                            Civ. No.  16-1304 KG/KBM

**99,337 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,**

**72,620 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,**

**21,249 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,**

**108 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,**

**$288,738.94 IN FUNDS FROM BANK OF AMERICA
ACCOUNT NO.-3826,**

     *Defendants-in-rem.*

## UNITED STATES' MOTION TO STRIKE
## CLAIMANT SALEM'S CLAIM FOR LACK OF STATUTORY STANDING

The United States, pursuant to Supplemental Rule G(8)(c)(i) of the Federal Rules of Civil
Procedure, moves to strike the claim of interest (Doc. 11) filed on February 13, 2017, on behalf
of Claimant Romie Salem.  Claimant Salem has failed to establish statutory standing to assert a
claim in this case.  According, the Court should strike his claim.  Pursuant to D.N.M LR-Civ
7.1(a), the United States contacted Claimant Salem's counsel in this case, who indicated that
Claimant opposes this motion.

The United States filed a complaint for forfeiture *in rem* against the defendant property on November 30, 2016.  (Doc. 1).  In addition to other property, the complaint seeks forfeiture of 99,337 pieces of counterfeit Native American jewelry.  On February 13, 2017, Romie Salem, as owner of Turquoise Network, filed a claim for seized property in which he asserted an ownership interest, in whole or in part, in the 99,337 pieces of counterfeit Native American jewelry. (Doc. 9).

This is an *in rem* civil asset forfeiture case.  (Doc. 1).  In such a case, the United States is the plaintiff, the property/asset is the defendant and the claimant is an intervenor seeking to challenge the forfeiture of the defendant property.  *United States v. $148,840 in U.S. Currency,* 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States,* 446 F.3d 1258, 1264 (11th Cir. 2006) (a civil forfeiture proceeding is not an action against the claimant but rather is an *in rem* action against the property); *United States v. All Funds in Account Nos. 747.034/278(Banco Espanol de Credito)*, 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people.  The owner of the property may intervene to protest his interest.").

As an intervenor, Claimant Romie Salem must establish that he has standing to contest the forfeiture.  Standing is a threshold issue in every federal civil forfeiture case. *United States v. $148,840 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States*, 446 F.3d 1258, 1261 (11th Cir. 2006) (Standing "is the threshold question in every federal case, determining the power of the Court to entertain the suit"), quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *United States v. $38,570 in U.S. Currency*, 950 F.2d 1108, 1111 (5th Cir. 1992)(standing is a threshold question on which the claimant "bears the

burden of demonstrating an interest in the seized item sufficient to satisfy the Court of his standing").

Article III standing and statutory standing are different things. *United States v. $148,840 in United States Currency*, 521 F.3d 1268, 1273, n.3 (10th Cir. 2008). Article III standing depends on the existence of a case or controversy. Statutory standing requires compliance with certain procedural imperatives. *Id., citing United States v. $8,221,877.16 in United States Currency,* 330 F.3d 141, 150, n.9 (3d Cir. 2003). In this case, the procedural requirements are contained in Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which governs forfeiture actions *in rem* arising from a federal statute. Supp.R. G(1).

Supplemental Rule G(5)(a)(i)(A)-(D) specifies how a claim is filed in a civil forfeiture action *in rem* and what the claim must contain:

(a) **Filing a Claim.**

(i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

(A) identify the specific property claimed;
(B) identify the claimant and state the claimant's interest in the property;
(C) be signed by the claimant under penalty of perjury; and
(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D). ....

At any time before trial, the government may move to strike a claim or answer for failing to comply with Rule G(5) or (6) or because the claimant lacks standing. Supp.R. G(8)(c)(i)(A) and (B). The government's motion must be decided before any motion by claimant to dismiss the action. Supp.R. Rule G(8)(c)(ii)(A). Accordingly, this Court first should rule on the instant

motion to strike Claimant Salem's claim before it rules on Claimant Salem's motion to dismiss the United States' Complaint.  (Doc. 11)

Claimant asserts that he has properly established standing simply by filing a claim in this case. *See* Doc. 11 at p.2.  He is incorrect.  To achieve statutory standing in the context of a civil forfeiture action, a claimant must comply with the all the pleading requirements of Supplemental Rule G(5). *See United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 n.3 (10th Cir. 2008); *United States v. $11,981.00*, No. 03-5679, 2007 WL 3037307, at *6 (E.D.Cal. Oct. 17, 2007) (failure to comply with Rule G(5) means that the claimant lacks standing); *United States v. $13,970.00 in U.S. Currency*, No.06-386, 2007 WL 1231659, at *2 (M.D. Ga. Apr. 26, 2007) (unpublished) (statutory standing is a threshold issue; claimant who fails to comply with section 983(a)(4) and Rule G(5) lacks standing). A proper claim insures that "[a]ny party who wishes to defend a forfeiture action [will] be forced to swear to his interest in the forfeited property." *United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir. 1986).

A valid claim must comply with each requirement delineated in Supp. R. G(5)(a)(i)(A)-(D).  Salem's claim fails to comply with Supp. R. G(5)(A) because it does not identify the specific property he is claiming.  Instead, he asserts an ownership interest, in whole or in part, in the 99,337 pieces of counterfeit Native American jewelry. (Doc. 9).  This vague and non-specific claim of an ownership interest is insufficient to establish statutory standing in this action. *See United States v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 562-63 (8th Cir. 2014) (Rule G(5)(a) requires that the claimant's interest in the property "be stated with some level of specificity;" claim making only a bald assertion of ownership and possession may be dismissed); *and United States v. $100,348,* 354 F.3d 1110, 1118-19 (9th Cir. 2004) (noting that because "the

danger of false claims in these proceedings is substantial," courts require more than "conclusory or hearsay allegations of some interest in the forfeited property").

The circumstances of this case illustrate why Supp.R. G(5)(a)(1)(A) requires that the claim identify the specific property claimed.  On February 14, 2017, Nashat Khalaf, as owner of Al-Zuni Global Jewelry, filed a claim asserting that he is the rightful and lawful owner of the 99,337 pieces of jewelry. (Doc. 10).  On March 13, 2017, Jawad Khalaf filed a claim asserting an ownership interest in all of the 99,337 pieces. (Doc. 16).  It is not possible for the Court or the parties to evaluate Mr. Salem's claim in light of these competing claims without knowing the specific property in which he claims an interest.  Moreover, after spending hours with Mr. Salem on November 25, 2015, the case agents released approximately 17,055 pieces of non-counterfeit Native-American jewelry to him and provided him with a map showing the location of items seized. *See* Doc 9-1 at pp. 1-5.  Pursuant to Supp.R. G(5)(a)(i)(A), Claimant Salem must identify the specific pieces of remaining jewelry in which he claims an interest.  He bears the burden establish standing by a preponderance of the evidence. *See* Supp.R. G(8)(c)(ii)(B).  His failure to identify the specific property he claims means that he lacks statutory standing in this case.

WHEREFORE, the United States respectfully requests that this Court strike the Claim of Interest filed February 13, 2017 (Doc. 9) pursuant to Supp.R. G(8)(c)(i).

Respectfully Submitted,


JAMES D. TIERNEY
Acting United States Attorney

*Electronically filed on March 17, 2017*

STEPHEN R. KOTZ
KRISTOPHER N. HOUGHTON
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

_____/s/_____
STEPHEN R. KOTZ
Assistant U.S. Attorney