IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                                        Civ. No.  16-1304 KG/KBM

99,337 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

72,620 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

21,249 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

108 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

$288,738.94 IN FUNDS FROM BANK OF AMERICA
ACCOUNT NO.-3826,

    *Defendants-in-rem*.

## UNITED STATES' RESPONSE TO CLAIMANT SALEM'S MOTION TO DISMISS

    Claimant Romie Salem has filed a motion to dismiss the complaint with prejudice. (Doc. 11). He contends that the complaint fails to state a claim upon which relief can be granted as to his portion of the 99,337 pieces of counterfeit Native American Jewelry. His motion is without merit for two reasons. First, claimant has failed to establish statutory standing to assert a claim in this case. Second, the complaint amply sets forth a legal and factual basis for the relief sought. Accordingly, his motion should be denied.[1] Moreover, claimant did not comply with D.N.M LR-Civ 7.1(a) which requires that a movant determine whether a motion is opposed and

---

[1] The United States has filed a contemporaneous motion to strike Claimant Salem's claim for lack of statutory standing. Pursuant to Supp. R. G(8)(c)(ii)(A), if the Government moves to dismiss a claimant from the case for lack of standing, the Government's motion "must be decided before any motion by the claimant to dismiss the action."

provides that a motion that omits recitation of a good-faith request for concurrence may be summarily denied.

## I. INTRODUCTION

The United States filed a complaint for forfeiture *in rem* against the defendant property on November 30, 2016. (Doc. 1). In addition to other property, the complaint seeks forfeiture of 99,337 pieces of counterfeit Native American jewelry pursuant to the following statutes:

1. 18 U.S.C. § 981(a)(1)(C), which allows forfeiture of proceeds derived from of a violation of 18 U.S.C. § 542, Import by Means of Fraudulent or False Practice;
2. 18 U.S.C. § 545, which allows forfeiture of property imported contrary to law;
3. 19 U.S.C. § 1595a(c)(2)(E), which allows forfeiture of property imported in violation of 19 U.S.C. § 1304, Marking of Imported Articles or Containers;

The seizures made in this case were the result of a long-term investigation by United States Fish & Wildlife (USFWS) into the manufacture, distribution, and sale of Filipino-made jewelry designed for sale as genuine Native American jewelry that did not bear an indelible country-of-origin marking, as required by law. A summary of the factual basis set forth in the complaint is as follows: The USFWS identified a primary importer of this jewelry as Sterling Islands, Inc. ("Sterling"). USFWS followed the jewelry from the Philippines, through customs, to Sterling's business location, 5815 Menaul Blvd., Albuquerque, NM 87110. USFWS traced the flow of money from stores engaged in the criminal sale of this jewelry, though the importer Sterling, and back to the Philippines to the manufacturer. The businesses Rox Fine Silver and National Jewelry Buyers shared Sterling's business location. Pursuant to a search and seizure warrant executed on October 28, 2015 at the 5815 Menaul Blvd business location, federal agents identified and seized, among other items, 99,337 pieces of counterfeit jewelry bearing the same

characteristics as the counterfeit jewelry that had entered the United States from the Philippines, been displayed in retail stores, and sold to undercover agents .

On February 13, 2017, Romie Salem, as owner of Turquoise Network, filed a claim for seized property in which he asserted an ownership interest, in whole or in part, in the 99,337 pieces of counterfeit Native American jewelry. (Doc. 9).  On February 14, 2017, Nashat Khalaf, as owner of Al-Zuni Global Jewelry, filed a claim asserting that he is the rightful and lawful owner of the 99,337 pieces of jewelry. (Doc. 10).  On March 13, 2017, Jawad Khalaf filed a claim asserting an ownership interest in all of the 99,337 pieces. (Doc. 16).

This is an *in rem* civil asset forfeiture case.  (Doc. 1).  In such a case, the United States is the plaintiff, the property/asset is the defendant and the claimant is an intervenor seeking to challenge the forfeiture of the defendant property.  *United States v. $148,840 in U.S. Currency,* 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States,* 446 F.3d 1258, 1264 (11th Cir. 2006) (a civil forfeiture proceeding is not an action against the claimant but rather is an *in rem* action against the property); *United States v. All Funds in Account Nos. 747.034/278(Banco Espanol de Credito)*, 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people.  The owner of the property may intervene to protest his interest.").

## II. STANDING

### A. STANDING IS A THRESHOLD ISSUE

As an intervenor, Claimant Romie Salem must establish that he has standing to contest the forfeiture.  Standing is a threshold issue in every federal civil forfeiture case. *United States v. $148,840 in U.S. Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States*, 446 F.3d 1258, 1261 (11th Cir. 2006) (Standing "is the threshold

question in every federal case, determining the power of the Court to entertain the suit"), quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *United States v. $38,570 in U.S. Currency*, 950 F.2d 1108, 1111 (5th Cir. 1992) (standing is a threshold question on which the claimant "bears the burden of demonstrating an interest in the seized item sufficient to satisfy the Court of his standing").

Article III standing and statutory standing are different things. *United States v. $148,840 in United States Currency*, 521 F.3d 1268, 1273, n.3 (10th Cir. 2008). Article III standing depends on the existence of a case or controversy. Statutory standing requires compliance with certain procedural imperatives. *Id., citing United States v. $8,221,877.16 in United States Currency,* 330 F.3d 141, 150, n.9 (3d Cir. 2003). In this case, the procedural requirements are contained in Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which governs forfeiture actions *in rem* arising from a federal statute. Supp.R. G(1).

### B. PERTINENT SUPPLEMENTAL RULE G STATUTORY PROVISIONS

Supplemental Rule G(5)(a)(i)(A)-(D) specifies how a claim is filed in a civil forfeiture action *in rem* and what the claim must contain:

(a) **Filing a Claim.**

(i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

> (A) identify the specific property claimed;
> (B) identify the claimant and state the claimant's interest in the property;
> (C) be signed by the claimant under penalty of perjury; and
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D). ....

At any time before trial, the government may move to strike a claim or answer for failing to comply with Rule G(5) or (6) or because the claimant lacks standing.  Supp.R. G(8)(c)(i)(A) and (B).  Supp.R. G(8)(b)(i) provides that only a claimant who establishes standing to contest the forfeiture may move to dismiss the complaint under Rule 12(b).  The government's motion to strike must be decided before any motion by claimant to dismiss the action.  Supp.R. Rule G(8)(c)(ii)(A).  Accordingly, this Court first should rule on the United States' motion to strike Claimant Salem's claim filed contemporaneous with this response.  (Doc. 19).

C. **CLAIMANT ROMIE SALEM LACKS STATUTORY STANDING**

Claimant asserts that he has properly established standing simply by filing a claim in this case. *See* Doc. 11 at p.2.  He is incorrect.  To achieve statutory standing in the context of a civil forfeiture action, a claimant must comply with the all the pleading requirements of Supplemental Rule G(5). *See United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 n.3 (10th Cir. 2008); *United States v. $11,981.00*, No. 03-5679, 2007 WL 3037307, at *6 (E.D.Cal. Oct. 17, 2007) (failure to comply with Rule G(5) means that the claimant lacks standing); *United States v. $13,970.00 in U.S. Currency*, No.06-386, 2007 WL 1231659, at *2 (M.D. Ga. Apr. 26, 2007) (unpublished) (statutory standing is a threshold issue; claimant who fails to comply with section 983(a)(4) and Rule G(5) lacks standing).  A proper claim insures that "[a]ny party who wishes to defend a forfeiture action [will] be forced to swear to his interest in the forfeited property." *United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir. 1986).

A valid claim must contain each of the elements delineated in Supp. Rule G(5)(a)(i)(A)-(D).  Salem's claim fails to comply with Rule G(5)(a)(i)(A) because it does not identify the specific property he is claiming.  Therefore, he lacks statutory standing to contest this action. *See*

*United States v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 562-63 (8th Cir. 2014) (Rule G(5)(a) requires that the claimant's interest in the property "be stated with some level of specificity;" claim making only a bald assertion of ownership and possession may be dismissed); *and United States v. $100,348,* 354 F.3d 1110, 1118-19 (9th Cir. 2004) (noting that because "the danger of false claims in these proceedings is substantial," courts require more than "conclusory or hearsay allegations of some interest in the forfeited property").

The circumstances of this case illustrate why Supp.R. G(5)(a)(1)(A) requires that the claim identify the specific property claimed. If the complaint were dismissed as to his Mr. Salem's claim only, the Court would have no basis for deciding what part of the 99,337 pieces to order returned or whether the competing claims of Nashat Khalaf and Jawad Khalaf to the same property would be denied as a result. Moreover, after spending hours with Mr. Salem on November 25, 2015, the case agents released approximately 17,055 pieces of non-counterfeit Native-American jewelry to him and provided him with a map showing the location of items seized. *See* Doc 9-1 at pp. 1-5. Pursuant to Supp.R. G(5)(a)(i)(A), Claimant Salem must identify the specific pieces of remaining jewelry in which he claims an interest. He bears the burden establish standing by a preponderance of the evidence. *See* Supp.R. G(8)(c)(ii)(B). His vague and non-specific claim of an ownership interest "in whole or in part" in the 99,337 pieces is insufficient to establish statutory standing in this action.

### III.     THE COMPLAINT IN REM AMPLY STATES A CLAIM FOR RELIEF

Supplemental Rule G(2) sets forth what a civil forfeiture complaint must contain. Among other things, the complaint must describe the property subject to forfeiture, set forth the basis for jurisdiction and venue, name the statutory authority on which the forfeiture action is based, and "state sufficiently detailed facts to support a reasonable belief that the Government

will be able to meet its burden of proof at trial." Rule G(2)(a)-(f).  The quoted language, which appears in Rule G(2)(f), is a codification of the Fourth Circuit's decision in *United States v. Mondragon*, 313 F.3d 862 (4th Cir. 2002), which established the standard for filing a civil forfeiture complaint under the predecessor to Rule G.  *See United States v. $36,110.00 in U.S. Currency*, 2009 WL 692830, *4 (D.S.C. Mar. 12, 2009) (the "reasonable belief" standard in Rule G(2)(f) carries forward the standard for the sufficiency of a complaint under Rule E(2)(a) as interpreted by *Mondragon*); *United States v. $79,650 Seized from . . . Afework*, 2009 WL 331294, *3 (E.D. Va. Feb. 9, 2009) (to withstand a motion to dismiss, the complaint need only satisfy Rule G(2)(f), which carriers forward the "reasonable belief" standard from *Mondragon*); *United States v. $3,500.00 in U.S. Currency*, 2008 WL 215807, *2 (E.D.N.C. 2008) (Rule G(2)(f) carries forward the Fourth Circuit's standard for evaluating the sufficiency of a complaint as set forth in *Mondragon*).Motions to dismiss a complaint are filed pursuant to Rule G(8)(b), which says that "the sufficiency of the complaint is governed by Rule G(2)."  Rule G(8)(b)(ii).

In other words, a complaint is sufficient, and a motion to dismiss the complaint must be denied, if the complaint satisfies the "reasonable belief" standard in Rule G(2)(f).  *See United States v. $74,500 in U.S. Currency*, 2011 WL 2712604, *2 (D. Md. July 11, 2011).  As the court said in *$74,500*, the Government does not have to prove its case just to get in the courthouse door; it need only show that the facts set forth in the complaint as sufficient to create a *reasonable belief* that the Government will be able to meet its burden of proof *at trial*.  *Id.* (emphasis added).  *See also* Rule G(8)(b)(ii) ("the complaint may not be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property").

The information set forth in Complaint is more than sufficient to support a reasonable belief that the Government will be able to establish at trial that the seized 99,337 of counterfeit jewelry is subject to forfeiture per the statutory authority set forth in the complaint. The United States outlined in its complaint the details and results of USFWS's investigation in this case.

The USFWS discovered that Sterling had imported millions of dollars of counterfeit Native-American jewelry into the United States.  The complaint delineates how the USFWS traced the jewelry from the Philippines, through customs, and to Sterling's Albuquerque business location.  (See e.g. Doc. 1, ¶¶ 13-14, 37, 47). The complaint explains the characteristics of the jewelry that made it counterfeit:

> Although the invoices confirm that the counterfeit Native American style jewelry was manufactured in the Philippines, none of the jewelry was indelibly marked with its country of origin as required by law. In fact, all of the imported jewelry inspected by USFWS, which was indelibly stamped with various initials and Native American symbols, was placed inside plastic bags outfitted with "Made in Philippines" decals.

(Doc. 1, ¶ 13).

The complaint presents three business examples of how Sterling's jewelry was sold in violation of the Indian Arts and Crafts Act to an undercover agent.  (Doc. 1, ¶¶ 15-48). Moreover, similar fraudulent sales made by eight retail stores or individuals, including Al Zuni Global were noted.  (Doc. 1, ¶49).  The complaint is replete with details of the USFWS's discovery of the interdependence and cooperation between stores, wholesalers, the importer and the manufacturer to produce jewelry in the Philippines intentionally designed to appear Native American in origin and to avoid indelibly marking the jewelry with the country of origin.

The complaint sets forth the USFWS's financial investigation demonstrating the flow of money from fraudulent sales, through importer, and ultimately to the manufacturer in the Philippines.  (Doc. 1, ¶¶ 11-12, 32-33, 48-50).  The complaint contains the USFWS tracing of

the contemporaneous flow of jewelry from the manufacturer, through the importer, to wholesalers and storefronts across the Southwest. (Doc. 1, ¶¶ 11-49). The complaint alleges that agents seized the 99,337 pieces of counterfeit jewelry pursuant to a federal search and seizure warrant because it had the same characteristics as counterfeit jewelry that had entered the country from the Philippines, been displayed in retail stores, and sold to undercover agents. (Doc. 1, ¶¶ 13-14, 51, 54).

The wealth of facts alleged in the complaint amply support a reasonable belief that the jewelry seized in this case is forfeitable pursuant each of the statutory claims for relief alleged in the complaint (Doc. 1, ¶¶ 56-65). Contrary to claimant's argument, the *in rem* forfeiture complaint is not required make allegations against him personally. The United States' burden of proof in a civil forfeiture action is to establish by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1); *United States v. Lot Number 1 of Lavaland Annex*, 256 F.3d 949, 956 (10th Cir. 2001). Claimant bears the burden of proving that claimant is an innocent owner by a preponderance of the evidence. 18 U.S.C. § 983(d)(1).

To establish forfeitability, the property owner's complicity is irrelevant; he may have an innocent owner defense, but the United States need not negate it in filing its complaint. *United States v. $77,670.00 Previously Contained in Bank of America Account*, 2014 WL 1669929, *4 (D.N.J. Apr. 28, 2014); *United States v. $734,578.82 in U.S. Currency,* 286 F.3d 641, 657 (3d Cir. 2002) (civil forfeiture is an *in rem* action against the property itself; the forfeiture is "not conditioned upon the culpability of the owner of the defendant property"); *United States v. One-Sixth Share,* 326 F.3d 36, 40 (1st Cir. 2003) ("Because civil forfeiture is an *in rem* proceeding, the property subject for forfeiture is the defendant. Thus, defenses against the forfeiture can be brought only by third parties, who must intervene."); *United States v. 3885 Forest Street, 2013*

*WL 560161*, *2 (D. Col. Feb. 14, 2013) (the complaint need not address the property owner's role in the offense or any defenses she may raise; thus a complaint need not anticipate or address a potential Eighth Amendment challenge, because such challenges necessarily involve the owner's personal role in the offense).

The United States would finally note that without citation to authority, claimant has requested dismissal with prejudice. Applicable case authority holds that dismissal of a complaint for failure to state a claim is generally without prejudice. *See, e.g.*, *United States v. Sum of $70,990,605*, 4 F.Supp.3d 189, 195 n.1, (D.D.C. 2014) (noting that if a complaint is dismissed, it should generally be dismissed without prejudice); and *United States v. Item 1: A 1990 Jeep Cherokee*, 147 Fed. Appx. 775, 778 (10th Cir. 2005) (district court did not err in allowing Government to amend civil forfeiture complaint to include additional theory of forfeiture—i.e., that property is forfeitable under section 981(a)(1)(B) as proceeds of a foreign drug offense; such amendments should be freely allowed).

## IV.   CONCLUSION

Claimant lacks statutory standing to contest this forfeiture action and the complaint amply states a claim for relief. Accordingly, his Motion to Dismiss the Complaint should be denied in all respects.

Respectfully Submitted,

JAMES D. TIERNEY
Acting United States Attorney

*Electronically filed on March 20, 2017*

STEPHEN R. KOTZ
KRISTOPHER N. HOUGHTON
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

\_\_\_/s/_____
STEPHEN R. KOTZ
Assistant U.S. Attorney