IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                           Civ. No. 16-1304 KG-KBM

99,337 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

72,620 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

21,249 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

108 PIECES OF COUNTERFEIT
NATIVE AMERICAN JEWELRY,

$288,738.94 IN FUNDS FROM BANK OF AMERICA
ACCOUNT NO. -3826,

    Defendants-in rem.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Claimant Romie Salem's Motion to Dismiss for Failure to State a Claim (Motion to Dismiss), filed March 6, 2017. (Doc. 11). Mr. Salem requests that the Court dismiss the United States' claim against his property, asserting he is an innocent bystander whose property the United States wrongfully seized. Mr. Salem further asserts that his property is now subject to forfeiture simply because it was stored in the same facility where other property subject to forfeiture was stored and that his property, therefore, is implicated in a criminal investigation not related to his property. The United States responded on March 20, 2017, and argues the Court should deny the Motion to Dismiss because the

Verified Complaint for Forfeiture *In Rem* (Complaint) (Doc. 1) states a claim for relief.[1] (Doc. 20). On April 26, 2017, Mr. Salem filed his reply. (Doc. 27).

On February 1, 2018, the Court held a hearing on the Motion to Dismiss. (Doc. 49). The Court took the matter under advisement but allowed Mr. Salem leave to file a supplemental brief and the United States leave to file a supplemental reply, which they did. (Docs. 50 and 51). Having considered the original and supplemental briefs, the arguments of counsel, as well as the applicable law, the Court denies Mr. Salem's Motion to Dismiss.

*Allegations in the Complaint*

The United States brings this civil action to forfeit and condemn property, alleging violations of

(1) 18 U.S.C. § 542 ("Entry of goods by means of false statements"), and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

(2) 18 U.S.C. § 545 ("Smuggling goods in the United States"), and forfeiture pursuant to 18 U.S.C. § 545;

(3) 19 U.S.C. § 1304 ("Marking of imported articles and containers"), and forfeiture pursuant to 19 U.S.C. § 1595a(c)(2)(E); and

(4) 18 U.S.C. § 1956 ("Laundering of monetary instruments") and § 1957 ("Engaging in monetary transactions in property derived from specified unlawful activity"), and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

---

[1] The United States also argues that Mr. Salem had not established, as a threshold matter, that he has standing to contest the forfeiture. Additionally, the United States filed a motion to strike Mr. Salem's claim, again asserting Mr. Salem failed to establish statutory standing. (Doc. 19). The United States then filed a Notice, (Doc. 39), withdrawing its motion to strike Mr. Salem's claim because Mr. Salem had filed an amended claim, (Doc. 38), as allowed by the Court, (Doc. 37), thus rendering the issue of standing moot.

Defendants *in rem* include (a) 99,337 Pieces of Counterfeit Native American Jewelry; (b) 72,620 Pieces of Counterfeit Native American Jewelry; (c) 21,249 Pieces of Counterfeit Native American Jewelry; and (d) $288,738.94 in Funds from Bank of America Account No.-3826 (collectively, Defendant Property).

The allegations stem from an investigation by the United States Fish and Wildlife Service and the Indian Arts and Crafts Board into the sale of alleged counterfeit Native American jewelry and violations of the Indian Arts and Crafts Act (IACA) by Sterling Islands, Inc. (Sterling), located at 5815 Menaul Boulevard, NE, Albuquerque, New Mexico. The Complaint alleges Sterling and other associated businesses worked in concert both inside and outside the District of New Mexico to design, manufacture, import, and fraudulently sell counterfeit Native American Jewelry in violation of the IACA.

As a result of this long-term investigation, on October 28, 2015, federal search warrants were obtained and executed on Sterling's business located at 5815 Menaul Boulevard NE, Albuquerque, New Mexico, where agents seized 53 boxes of alleged counterfeit Native American jewelry, including 99,337 pieces of jewelry. In addition, agents seized $288,738.94. Agents also executed search warrants at Al Zuni Global Jewelry, located at 1603 West Highway 66, Gallup, New Mexico, where they seized 72,620 pieces of alleged counterfeit Native American jewelry and at 1924 Count Fleet Street SE, Albuquerque, New Mexico, where agents seized 21,249 pieces of alleged counterfeit Native American jewelry.

Mr. Salem argues the Complaint fails to state a claim against his property because (1) it does not include his name or that of his company, "Turquoise Network;" (2) there are no allegations against him of any wrongdoing; and (3) there is no justification for the seizure of his

3

property. (Doc. 11) at 4. Mr. Salem also argues there is "absolutely no way for [him] to know or reasonably expect that he or his property were involved at all." *Id.*

*Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions*

Both parties agree the correct standard to apply in this *in rem* action is Supplemental Rule G(2). This Rule requires that a complaint, *inter alia*, "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). "It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation." *United States v. $506,069.09 Seized From First Merit Bank*, 664 F. App'x 422, 434 (6th Cir. 2016), *cert. denied sub nom. Akhtar-Zaidi v. United States*, 137 S. Ct. 2249 (2017) (citation omitted). Also, a complaint need only "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.* (citation omitted). The Court further notes that the burden is on the United States "to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1).

*Failure to Make Any Allegations Against Mr. Salem or his Business*

Mr. Salem argues that the Court should dismiss the claims against Defendant Property because the Complaint fails to state allegations against him by name or against his company by name. Mr. Salem's argument, however, is misplaced. In this *in rem* action, the United States need not state any allegations in the Complaint against Mr. Salem or his company. *See, e.g., United States v. 3885 Forest Street, Denver, Colo.,* 2013 WL 560161 *2 (D. Colo.) (denying motion to dismiss, stating "[g]iven the legal fiction under which a proceeding *in rem* operates, the government is under no obligation to plead facts in anticipation of any defense potential

4

claimants may have in contravention of forfeiture.") (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

Mr. Salem further argues that he is innocent of any crime, a defense contemplated by Section 983(d). But as is clear in *3885 Forest Street*, for example, the focus at this stage of the litigation is not on Mr. Salem's conduct. Rather, this Court's focus is on "the property's role in the offense." *Id*. (stating "the elements of a claim establishing forfeiture focus on the property's role in the offense and not on the owner's conduct. … In other words, the government has no burden to plead anything about claimant's involvement in or relationship to the defendant property at this stage of the litigation.") (internal citations and quotations omitted). Thus, Mr. Salem's argument that the Court should dismiss the claims against Defendant Property because the Complaint does not contain any specific allegations against himself or his business, and because he is innocent of any wrongdoing, lacks merit.

*19 C.F.R. § 134.43(c)(2): Indelible Markings on Property*

At oral argument, Mr. Salem also argued that the Court should dismiss the claims against Defendant Property because the Complaint does not sufficiently allege that each property item he owns is not indelibly marked with the country of its origin. The Court allowed supplemental briefing from both parties on this issue. (Docs. 48 and 49). In his supplemental reply, Mr. Salem argues that insofar as any of his property is not so marked, federal law allows an exception to his property: "[i]f it is technically or commercially infeasible to mark in the manner specified in paragraph (c)(2) of [19 C.F.R. § 134.43(c)(3), then] . . . the article may be marked by means of a string tag or adhesive label securely affixed, or some other similar method." (Doc. 50) at 3. The Court finds this argument unavailing for two reasons.

First, the Complaint contains sufficient inferential allegations to support a reasonable belief that the United States could establish by a preponderance of the evidence that the Defendant Property was not indelibly marked as required by law. Second, to the extent there is an exception to the indelible marking rule when it is infeasible to mark the property, 19 C.F.R. § 134.43(c)(3), the Complaint has sufficient inferential allegations to support a reasonable belief that the United States could establish by a preponderance of the evidence that the Defendant Property does not meet the exception.

Finally, Mr. Salem argues that the United States does not sufficiently allege in the Complaint that the markings on his property were intentional, as required by 19 U.S.C. § 1304(l) and 19 U.S.C. § 1595a(c)(2)(E). Based on its review of the Complaint, the Court finds the Complaint contains sufficient inferential allegations to support a reasonable belief that the United States could establish by a preponderance of the evidence that the markings on the property were intentional. *See* (Doc. 1) at ¶ 65.

*Conclusion*

Having reviewed the entirety of the Complaint, and having applied the Supplemental Rule G(2) standard of review, the Court determines that the Complaint meets this standard and states a claim against Defendant Property.

IT IS, THEREFORE, ORDERED that Claimant Romie Salem's Motion to Dismiss for Failure to State a Claim (Doc. 11) is denied.

_____
UNITED STATES DISTRICT JUDGE